IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Amand Fowler and Michelle Kennedy, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Dolgencorp, LLC,<br><br>Defendant. | Case No. 6:23-cv-05179-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant's motion to compel arbitration and dismiss or, alternatively, stay pending arbitration. [Doc. 9.] Defendant moves to compel arbitration under the Federal Arbitration Act ("FAA"), which establishes a "strong federal policy in favor of enforcing arbitration agreements" and is designed to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 219 (1985). Defendant argues that Plaintiffs entered into valid and enforceable arbitration agreements during their new hire onboarding process, expressly agreeing to arbitrate any claims or disputes related to their employment on an individual basis, waiving their right to a jury trial, and waiving their right to bring class or collective claims. [Doc. 9-1 at 2–5.]

Plaintiffs, who brought this lawsuit as a putative Fair Labor Standards Act ("FLSA") class action [Doc. 1], contend that the arbitration policy is "questionable" because "the FLSA was intentionally drafted to allow collective action, and Defendant's attempt to limit such action [through] individual arbitration is improper." [Doc. 10 at 1–2.] Plaintiffs do not

challenge the enforceability of their arbitration agreements, only the ability of the agreements to limit Plaintiffs' statutory rights to bring a collective action under the FLSA. [*See id.* at 2–5.] Plaintiffs argue that because the collective action provision, § 216(b) of the FLSA, is integral to the structure and function of the FLSA, "[c]ourts are not free to lobotomize § 216(b) by excising the collective action provision that Congress integrated with the remedies in a single paragraph." [*Id*. at 4–6.]

For this argument to succeed, Plaintiffs must show that Congress intended to preclude arbitration for FLSA collective action claims, "by pointing to the text of the FLSA, its legislative history, or an inherent conflict between arbitration and the FLSA's underlying purposes." *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002) (internal quotation marks omitted); *see also, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (finding that because neither the text nor the legislative history of the Age Discrimination in Employment Act ("ADEA") explicitly precludes arbitration, plaintiff was bound by his agreement to arbitrate unless he could show an "inherent conflict" between arbitration and the ADEA's underlying purposes, which he could not). The FLSA does not provide a substantive right to bring a collective action that cannot be waived. *Dimery v. Convergys Corporation*, No. 4:17-cv-00701-RBH, 2018 WL 1471892, at *4–6 (D.S.C. Mar. 26, 2018) (rejecting plaintiffs' argument that the right to participate in a collective action under the FLSA cannot normally be waived). Indeed, the Fourth Circuit has held "that FLSA claims may properly be resolved in mandatory arbitration proceedings," because there is no inherent conflict between the FAA and the FLSA. *Adkins,* 303 F.3d at 506. Thus, the Court finds Plaintiffs' arguments to the contrary are without merit.

Plaintiffs alternatively request that, if the Court deems Plaintiffs' claims to be subject to arbitration, the matter be stayed pending arbitration rather than dismissed. [Doc. 10 at 10–11.] The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. But, the Fourth Circuit has also held that, "notwithstanding the terms of [9 U.S.C.] § 3 . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709–10 (4th Cir. 2001).[*] Defendant asserts that "[a]ll of Plaintiffs' claims in the instant action are arbitrable" [Doc. 9-1 at 13–14], and Plaintiffs do not dispute this [*see generally* Doc. 10 at 10–11].

Thus, consistent with the foregoing, Defendant's motion to compel arbitration [Doc. 9] is GRANTED and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 3, 2024
Greenville, South Carolina

---

[*] The Fourth Circuit has acknowledged some tension between its prior opinions, as well as a general circuit split, on the issue of whether dismissal is appropriate if the claims are subject to arbitration. *See Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision in [an earlier case]—indicating that a stay is required when the arbitration agreement covers the matter in dispute—and *Choice Hotels*—sanctioning dismissal when all of the issues presented . . . are arbitrable.") (internal quotation marks omitted). However, courts in this district continue to follow the holding of *Choice Hotels* and have dismissed actions when all the claims are arbitrable. *See, e.g., Weckesser v. Knight Enters. S.E., LLC*, 228 F. Supp. 3d 561, 564 (D.S.C. 2017).

3